UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/20/2024
```

----------------------------------------------------------------------X
                                                   :

KYLE COLLISON,                                 :

                         Plaintiff,       :

                                   :              24-cv-2221 (LJL)

         -v-                          :

                                   :            OPINION AND ORDER

WANDRD, LLC and AUSTIN COPE,     :

                                 :

                     Defendants.    :

                                   :
----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendants WANDRD, LLC ("WANDRD") and Austin Cope ("Cope," and with WANDRD, "Defendants") move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the complaint against them.  Dkt. No. 9.  For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

For purposes of this motion, the Court takes the well-pleaded allegations of the complaint as true.

WANDRD is a foreign limited liability company headquartered in Utah.  Dkt. No. 1 ¶ 5. It operates an online retail business that primarily sells bags and other accessories for travel, hiking, and similar pursuits directly to customers and at other retail locations.  *Id.* ¶ 12.  Plaintiff Kyle Collison ("Plaintiff") worked for Defendants from approximately May 2021 to August 2023.  *Id.* ¶ 4.  He is a Canadian citizen who possessed a green card authorizing him to work in

the United States during his employment with WANDRD.  *Id.* ¶ 18.[1]  Cope was Plaintiff's

primary manager and supervisor.  *Id.* ¶ 22.

Plaintiff began working for WANDRD in May 2021 on its customer service team.  *Id.*

¶ 13.  From May 2021 to May 2022, Plaintiff was classified as a 1099 employee and was paid an

hourly rate of $18.00 per hour.  *Id.* ¶ 16.  In approximately May 2022, Defendants changed

Plaintiff to a W-2 employee and promoted him to the position of Financial Planning & Analysis

Manager with an annual salary of $60,000.  *Id.* ¶ 30.  From approximately May 2022 through

April 2023, Plaintiff continued to spend the majority of his working time performing the same

customer service tasks that he performed previously at the request of management.  *Id.* ¶ 31.

Starting in around April 2023, Plaintiff switched to performing fewer customer service tasks and

focusing more on financial planning and analysis tasks.  *Id.* ¶ 37.  On August 14, 2023, Cope

announced unilaterally that Plaintiff would be leaving the company.  *Id.* ¶ 41.  Plaintiff was

informed that his last day would be August 31, 2023.  *Id.* ¶ 42.  Throughout his employment,

Plaintiff performed work remotely from New York City, where he resides.  *Id.* ¶ 14.

Plaintiff alleges that during the time he was classified as a 1099 employee, he was not

paid the overtime premium for hours worked over forty at 1 ½ times his hourly rate of pay.  *Id.*

¶ 26.  He also alleges that during the time he was classified as a W-2 employee, he regularly

worked more than forty hours a week and typically worked approximately ten to twenty overtime

hours each week.  *Id.* ¶¶ 32–33.  He claims he was not paid any additional compensation for

those overtime hours.  *Id.* ¶ 34.  Plaintiff further alleges that as a result of being misclassified as a

1099 employee, he paid $3,242.15 in payroll taxes that should have been paid by WANDRD as

his employer, and that he did not receive benefits accorded to employees under law and under

---

[1] Plaintiff is now a United States citizen.  Dkt. No. 1 ¶ 18.

company policies.  *Id.* ¶¶ 27–28.  Plaintiff also alleges that due to his misclassification, he did not receive a gym pass reimbursement.  *Id.* ¶ 35.  Although Defendants offered to reimburse Plaintiff retroactively for the gym pass reimbursement when he was changed to a W-2 employee, on information and belief, he did not receive the payment for retroactive gym membership benefits for October 2021 or May 2021 when he first began working.  *Id.* ¶¶ 35–36.

## PROCEDURAL HISTORY

Plaintiff initiated this case by complaint filed on March 25, 2024.  Dkt. No. 1.  Plaintiff alleges eight claims for relief: (1) failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; (2) failure to pay overtime wages in violation of Section 663 of the New York Labor Law ("NYLL"); (3) misclassification of Plaintiff as a 1099 employee; (4) hiring notice violations under the NYLL; (5) a wage statement violation under the NYLL; (6) a pay equity violation under the NYLL; (7) a whistleblower violation under the NYLL; and (8) failure to comply with the notice requirements applying to termination of coverage under the federal Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") and its state counterpart, New York State Labor Law § 195(6) and New York State Insurance Law § 3221(m).  *Id.*

Defendants filed this motion to dismiss on May 22, 2024, along with a memorandum of law in support of the motion.  Dkt. Nos. 9–10.  Plaintiff filed a memorandum of law in opposition to the motion to dismiss on June 4, 2024.  Dkt. No. 11.  Defendants filed a reply memorandum in further support of the motion to dismiss on June 10, 2024.  Dkt. No. 12.[2]

---

[2] Defendants have moved for sanctions pursuant to Federal Rule of Civil Procedure 11.  Dkt. No. 17.  Nothing in this Opinion and Order should be construed to reflect a judgment as to the merits of that motion.

**LEGAL STANDARD**

In considering a motion to dismiss pursuant to Rule 12(b)(6), a "court must accept the material facts as alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002) (quoting *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied*, 513 U.S. 836 (1994)).  However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Twombly*, 550 U.S. at 555, 557.  The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

**DISCUSSION**

Defendants argue that Plaintiff has failed to state any plausible federal claim because his claims for violation of the overtime provisions of the FLSA are conclusory and implausible, and his claim for violation of federal COBRA is based only on information and belief.  Dkt. No. 10 at 3–4.  Defendants argue that, if the Court dismisses the federal claims, it should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.  *Id.* at 4–5.  Defendants also

4

argue, in the alternative, that the supplemental state-law claims should be dismissed for failure to state a claim for relief. *Id.* at 5–10. Finally, Defendants argue that Plaintiff has failed to allege facts that would support a claim against Cope. *Id.* at 10–11.

## I.     Plaintiff's FLSA Claim

Defendants argue that Plaintiff's FLSA overtime claim should be dismissed because Plaintiff does not allege a single workweek in which he worked at least forty hours and does not estimate the number of weekly hours he worked without receiving pay. Dkt. No. 10 at 3–4.

The Second Circuit has held that "[i]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2016). In other words, "[t]o plead a plausible FLSA overtime claim, the plaintiff must provide sufficient detail about the length and frequency of his unpaid work to support a reasonable inference that he worked more than forty hours in a given week." *Butt v. HF Mgmt. Servs., LLC*, 2020 WL 207393, at *2 (E.D.N.Y. Jan. 14, 2020). Although plaintiffs are not required to "plead their hours with mathematical precision," they must provide complaints with "sufficiently detailed factual allegations." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013); *Romero v. Metro. Transp. Auth.*, 444 F. Supp. 3d 583, 587 (S.D.N.Y. 2020). "Determining whether a plausible claim has been pled is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 113 (2d Cir. 2023) (quoting *Lundy*, 711 F.3d at 114). However, a plaintiff must allege more than "that at some undefined period in their employment they worked more than forty hours in a single week." *Id.* at 117; *see Pappas v. City of New York*, 2024 WL 2093472, at *14 (S.D.N.Y. May 9, 2024).

In *Herrera*, 84 F.4th 110, the Second Circuit clarified the standards to plead an FLSA overtime claim.  It is sufficient that the plaintiff allege "40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours" or that he "worked in excess of forty hours for multiple weeks without overtime pay."  *Id.* at 115 (first quoting *Lundy*, 711 F.3d at 114, then quoting *Dejesus*, 726 F.3d at 88).  A plaintiff need only allege that his "regularly scheduled workweek for a given period of time included more than forty hours of work, so that [he was] eligible for overtime during *every* week in which [he] worked [his] regular schedule." *Id.* at 117 (emphasis in original).  It is not necessary that in all cases that a plaintiff make an approximation of the number of their overtime hours per week.  *Id.* at 115.

The complaint satisfies the *Herrera* standards for the period of time after Plaintiff was classified as a W-2 employee.[3]  The complaint alleges that during the time Plaintiff was classified as a W-2 employee, he regularly worked more than forty hours a week and typically worked approximately ten to twenty overtime hours each week. Dkt. No. 1 ¶¶ 32–33.  Plaintiff also alleges he was not paid any additional compensation for those overtime hours.  *Id.* ¶ 34. And he alleges the time period at issue—from approximately May 2022 until his employment was terminated at the end of August 2023.  *Id.* ¶¶ 30, 42.  Plaintiff need not identify the particular weeks in which he worked overtime hours where he alleges that he typically worked overtime hours and provides the number of overtime hours worked.  He has alleged enough at

---

[3] Defendants mistakenly rely on the 2022 district court decision in *Sanchez v. L'Oreal USA, Inc.*, 2022 WL 1556402 (S.D.N.Y. May 17, 2022).  But *Sanchez* relied on a standard that a plaintiff must allege a specific workweek during which he worked overtime and how many hours he worked in that week, *id.* at *3, which was specifically rejected by the Second Circuit in *Herrera*, *see* 84 F.4th at 115, 117 (holding that a FLSA plaintiff need not allege how many overtime hours they worked and need not allege the specific weeks during which they worked more than forty hours as long as they allege a defined time period during which they regularly worked overtime hours).  In addition, the *Sanchez* plaintiff's allegations were independently deficient in that they were based on information and belief.  2022 WL 1556402, at *3.

this stage to make out a FLSA overtime claim. *See Herrera*, 84 F.3d at 115–16 (holding that it is sufficient that complaint alleged that plaintiff regularly worked an additional eight works per week); *Hosseini v. Miilkiina LLC*, 2023 WL 7128092, at *4 (S.D.N.Y. Oct. 27, 2023); *Maldonado Juarez v. Butterfield Catering Inc.*, 2020 WL 6945944, at *2 (S.D.N.Y. Nov. 25, 2020).[4]

## II.   Plaintiff's Federal COBRA Claim

In his eighth claim for relief, Plaintiff alleges that Defendants violated federal or state COBRA by failing to provide him notice that a qualifying event had occurred under the group health plan he received from WANDRD and the opportunity to elect continued coverage under the plan. Dkt. No. 1 ¶¶ 43–46.

Federal COBRA provides that, "[t]he plan sponsor of each group health plan shall provide . . . that each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event [the right], under the plan, to elect, within the election period, continuation [of] coverage under the plan." 29 U.S.C. § 1161(a). Qualifying events include the termination or reduction of hours of the "covered employee's employment." 29 U.S.C. § 1163(2). Pursuant to 29 U.S.C. § 1166(a)(2), the employer of an employee under a plan must notify the administrator of a qualifying event. 29 U.S.C. § 1166(a)(2). And pursuant to 29 U.S.C. § 1166(a)(4)(A), "[t]he administrator shall notify . . . in the case of a qualifying event . . . any qualified beneficiary with respect to such event, and of such beneficiary's rights under this subsection." 29 U.S.C. § 1166(a)(4)(A); *see Loc. 217, Hotel & Rest. Emps. Union v. MHM, Inc.*,

---

[4] However, Plaintiff has not alleged a FLSA overtime claim for the time period during which he was a 1099 employee. Although Plaintiff alleges that during the time he was classified as a 1099 employee, he was not paid the overtime premium for hours worked over forty at one and one-half times his hourly rate of pay, Dkt. No. 1 ¶ 26, he does not allege that there were any work weeks during which he worked in excess of forty hours.

976 F.2d 805, 809 (2d Cir. 1992); *Gallardo v. IEH Corp.*, 2022 WL 4646514, at *7 (E.D.N.Y. Oct. 1, 2022).  The COBRA Notice must be "in accordance with the regulations prescribed by the Secretary [of Labor]."  29 U.S.C. § 1166(a).  Those regulations are set forth at 29 C.F.R. § 2590.606-4.

New York has adopted its own COBRA statute requiring that the terms of COBRA be followed for all employees in New York under a group health plan providing coverage in New York, including for employers who employ fewer than twenty employees.  N.Y. Lab. Law § 195(6); N.Y. Ins. Law § 3221(m); *see Gallardo*, 2022 WL 4646514, at *7.

Plaintiff elected, and did receive, health and dental insurance coverage in New York while employed by Defendants as a W-2 employee.  Dkt. No. 1 ¶ 44.  However, he did not receive any information about the continuation of his health insurance after the termination of his employment.  *Id.* ¶ 46.

Defendants argue that the complaint fails to state a claim for relief because it alleges only upon information and belief that WANDRD had twenty or more employees.  Dkt. No. 10 at 4.  In particular, the complaint simply alleges: "Upon information and belief, WANDRD had [twenty] or more employees during all relevant times."  Dkt. No. 1 ¶ 11.  Plaintiff responds that information and belief pleading is permissible because WANDRD was based in Utah and he was a remote employee who worked from New York City where he lived and thus lacked personal knowledge regarding the number of persons employed by WANDRD.  Dkt. No. 11 at 7.  He further asserts that "discovery will reveal whether the violations fall under federal or state COBRA."  *Id.* at 8.

The requirement under Section 1161(a) that a plan sponsor provide continuation of coverage is subject to an exception under Section 1161(b) for so-called small employers.

Section 1161(b) provides: "Subsection (a) shall not apply to any group health plan for any calendar year if all employers maintaining such plan normally employed fewer than [twenty] employees on a typical business day during the preceding year."  29 U.S.C. § 1161(b).  If the small employer exemption applies to WANDRD, it would not be required to provide Plaintiff with notice or continuing coverage under the plan.

Defendants' argument presumes that a Plaintiff is required affirmatively to plead that a company employs twenty or more employees to state a claim under COBRA.  The United States District Court for the Northern District of Florida has held that COBRA's small business exemption is an affirmative defense that must be pleaded and proved by the defendant, and not an element of the claim by the plaintiff.  *See Fanette v. Davis Farms, LLC*, 28 F. Supp. 3d 1243, 1251–52 (N.D. Fla. 2014).  The United States District Court for the District of Puerto Rico has held that the defendant employer has the burden at summary judgment to establish the small employer exemption and that the burden does not rest with plaintiff.  *See, e.g.*, *Morales-Cotte v. Cooperativa de Ahorro y Credito Yabucoena*, 73 F. Supp. 2d 153, 158 (D.P.R. 1999).  The United States District Courts for the Eastern and Western Districts of Wisconsin, by contrast, have held that the plaintiff must plead and prove as an essential element of a COBRA claim that the employer has twenty or more employees.  *See Just v. Accu-Turn, Inc.*, 2013 WL 6145814, at *3 (E.D. Wis. Nov. 20, 2013); *Winchel v. Associated Training Servs. Corp.*, 2000 WL 34229421, at *5 (W.D. Wis. Aug. 30, 2000).  Without explicitly addressing the pleading issue, Judge Mukasey in this District ruled that the burden was on the employer defendant to show it was exempt from COBRA.  *See Silver v. I. Goldberg & Partners, Inc.*, 1994 WL 392187, at *2–3 (S.D.N.Y. July 28, 1994).  So too, the United States District Court for the Northern District of New York seemingly has held that the burden is on the defendant to show it is exempt from

COBRA.  *See Cirigliano v. Village of Afton*, 2012 WL 2752867, at *4–5 (N.D.N.Y. July 9, 2012).

The Court concludes that the better reasoned view is that the small employer exemption is an affirmative defense and that a plaintiff need not plead that her employer is not exempt in order to state a COBRA claim.  The Second Circuit has held that "a claim of exemption under the FLSA is an affirmative defense, on which the employer bears the burden of proof" and that, accordingly, "an FLSA plaintiff need not allege any facts at the pleadings stage to support the position that she is a non-exempt employee."  *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 322 n.6 (2d Cir. 2021) (quoting *Dejesus*, 726 F.3d at 91 n.7).  The language of Section 1161(b) is similar to the language of Section 213(a) that sets forth exemptions to FLSA minimum wage and maximum hour requirements.  *See* 29 U.S.C. § 1161(b).  The statutory language under COBRA is unlike that under Title VII where the number of employees is part of the definition of "employer," *see* 42 U.S.C. § 2000e(b), or under FLSA where the law applies to enterprises engaged in commerce or in the production of goods for commerce and "enterprise engaged in commerce or in the production of goods for commerce" is defined by the conduct of the employees and the annual gross volume of sales of the business.  29 U.S.C. §§ 203(s)(1), 207(a)(1).  As a matter of statutory design, the characteristics of the employer that make it liable under Title VII and FLSA are elements of the offense.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006); *Georges v. Detroit Pizza NYC LLC*, 2024 WL 1195727 (S.D.N.Y. Mar. 20, 2024).

Congress chose a different approach in COBRA.  It did not define employer, administrator, or plan sponsor by size.  *See* 29 U.S.C. § 1002(5) (defining employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan"); 29 U.S.C. § 1002(16)(A) (defining "administrator" as "the person

specifically so designated by the terms of the instrument under which the plan is operated" or the plan sponsor); 29 U.S.C. § 1002(16)(B) (defining "plan sponsor" as "the employer in the case of an employee benefit plan established or maintained by a single employer").  The small company exemption under COBRA—like the FLSA exemption—is framed as an exception to an otherwise applicable rule.  *Compare* 29 U.S.C. § 1161(b) (COBRA) ("Subsection (a) shall not apply to any group health plan for any calendar year if all employers maintaining such plan normally employed fewer than [twenty] employees on a typical business day during the preceding year."), *with*  29 U.S.C. § 213(a) ("The provisions of sections 206 and 207 of this title shall not apply with respect to . . . .").  Treating Congress's words with fidelity and assuming that those words are carefully and deliberately chosen, *see, e.g.*, *Lamie v. U.S. Tr.*, 540 U.S. 526, 542 (2004), it follows that the burden is on the defendant to plead the availability of the small business exemption and not on the plaintiff to plead the unavailability of that exemption.  Defendants may move for summary judgment at the appropriate time on the grounds that Plaintiff cannot refute the availability of that exemption.  *See, e.g.*, *Winchel*, 2000 WL 34229421, at *5 (addressing small business exemption at summary judgment); *McGoldrick v. Datatrak Int'l, Inc.* 42 F. Supp. 2d 893, 896–97 (D. Minn. 1999).  But Defendants cannot defeat the complaint by arguing that Plaintiff fails to plead facts to establish an element that Plaintiff had no burden to establish in the first instance.  Accordingly, the motion to dismiss the federal COBRA claim for failure to state a claim for relief is denied.[5]

---

[5] In reply, Defendants assert that Plaintiff was provided a sworn declaration that WANDRD did not have the requisite twenty employees for COBRA coverage and that Plaintiff did, in fact, receive communication from WANDRD about continuation of his health insurance after the termination of his employment.  Dkt. No. 12 at 3.  Although Defendants may move for summary judgment if the undisputed facts establish that the small employer exemption applies or that Plaintiff received the requisite notification even if the exemption does not apply, Defendants cannot rely on facts that are neither alleged in the complaint nor incorporated by reference and of

### III.     Plaintiff's Claims Against Cope

Defendants argue that the FLSA and NYLL claims against Cope should be dismissed for failure to allege facts sufficient to plausibly establish that he is an employer covered by FLSA and the NYLL.  Dkt. No. 10 at 10–11.

Under the FLSA, an employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  The NYLL defines an employer as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."  N.Y. Lab. L. § 190(3).  To plead that an individual is an employer, it is not sufficient to allege that she "is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function."  *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013).  "To be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment."  *Id*.  "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature of conditions of the employees' employment."  *Id.* at 110.  FLSA's definition of employer is of "striking breadth."  *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992).  Whether an individual person is an employer is to be determined by "economic reality rather than technical concepts."  *Irizarry*, 722 F.3d at 104.  Among the factors to be considered are "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Id.* at 104–05. Establishing that these factors are met is "sufficient but not necessary" to allege that an

---

which the Court may not take judicial notice to support their motion to dismiss.  *See, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153–54 (2d Cir. 2002).

individual is an employer. *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003).

Rather, "district courts are required to examine 'the circumstances of the whole

activity . . . viewed in light of economic reality,'" and are "free to consider any other factors it

deems relevant to its assessment of the economic realities." *Perez v. Westchester Foreign Autos,*

*Inc.*, 2013 WL 749497, at *7 (S.D.N.Y. Feb. 28, 2013) (quoting *Zheng*, 355 F.3d at 71–72).   The

standards under the NYLL are nearly identical.  *See Martin v. Sprint United Mgmt. Co.*, 273 F.

Supp. 3d 404, 422 (S.D.N.Y. 2017).

Plaintiff's sole allegations of Cope's role are in paragraphs 6 and 22 of the complaint.

*See* Dkt. No. 1 ¶¶ 6, 22.  In paragraph 6, Plaintiff alleges: "Upon information and belief,

individual Defendant Austin Cope serves or served as owner, manager, principal, president

and/or Agent of WANDRD.  Defendant Cope has, and at all relevant times had, and exercised,

the power to hire, fire, and control the wages and working conditions of Plaintiff." *Id.* ¶ 6.  In

paragraph 22, Plaintiff alleges: "Plaintiff's primary manager and supervisor was Defendant

Cope." *Id.* ¶ 22.

Plaintiff's allegations are boilerplate and merely track certain factors of the economic

reality test.  Plaintiff alleges "labels and conclusions" and provides at most "a formulaic

recitation of the elements of a cause of action [which] will not do." *Twombly*, 550 U.S. at 555.

The allegations are not sufficient to permit the plausible inference that Cope was an employer

under FLSA and the NYLL.  *See Butterfield Catering Inc.*, 2020 WL 6945944, at *4; *Ruixuan*

*Cui v. E. Palace One, Inc.*, 2019 WL 4573226, at *7 (S.D.N.Y. Sept. 20, 2019) (dismissing

FLSA and NYLL claims against individual defendants where they were based on boilerplate

allegations and citing cases); *Bravo v. Established Burger One, LLC*, 2013 WL 5549495 at *6 (S.D.N.Y. Oct. 8, 2013) (same).[6]

## IV.    Plaintiff's State Law Claims

Defendants argue that the Court should not exercise supplemental jurisdiction over Plaintiff's state-law claims in the absence of a well-pleaded federal claim and that the state-law claims, in any event, fail to state a claim for relief.  Dkt. No. 10 at 4–10.

The Court has held that Plaintiff has stated two federal claims for relief.  Section 1367(a) of Title 28 of the United States Code provides that a district court which has original jurisdiction over a federal claim also has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  There is no dispute that the state-law claims form part of the "same case or controversy" as the federal claims.  Accordingly, at this stage, the Court will retain jurisdiction over the state-law claims. *See, e.g.*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) ("[A] federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966))).

---

[6] In addition, Plaintiff's claims are impermissibly based only on information and belief.  *See Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (a plaintiff can plead facts "upon information and belief" only "where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible"); *see also Blanco v. Success Acad. Charter Schs., Inc.*, 2024 WL 965001, at *13 (S.D.N.Y. Mar. 6, 2024); *Moreira v. Société Générale, S.A.*, 2023 WL 359446, at *3 (S.D.N.Y. Jan. 23, 2023).

Plaintiff alleges the following state-law claims: (1) failure to pay overtime wages under the NYLL, Dkt. No. 1 ¶¶ 55–59; (2) failure to pay wages under the NYLL, *id.* ¶¶ 60–64; (3) failure to provide a wage notice in violation of NYLL § 195(1), *id.* ¶¶ 65–68; (4) failure to provide accurate wage statements in violation of the NYLL §§ 198-1(d) and 195(3), *id.* ¶¶ 69–72; (5) violation of the New York Pay Equity statute, *id.* ¶¶ 73–79; and (6) whistleblower retaliation in violation of both the NYLL, *id.* ¶¶ 80–87, and New York COBRA, *id.* ¶¶ 88–100. Defendants argue that each of these claims is deficiently pleaded. The Court sustains Plaintiff's claims for failure to pay overtime, failure to provide an accurate wage notice and accurate wage statements, whistleblower retaliation, and failure to provide COBRA notice, but dismisses with prejudice Plaintiff's claims for minimum wage and under New York's Pay Equity statute.

Plaintiff's second claim for relief alleges a violation of the overtime provisions of the NYLL. Dkt. No. 1 ¶¶ 55–59. Defendants concede that "FLSA and NYLL claims are 'analytically identical,'" and that the same pleading standards apply to both. Dkt. No. 10 at 5 (quoting *Lundy*, 711 F.3d at 118). It follows that, because Plaintiff has pleaded sufficient facts to establish a FLSA overtime violation, he has also pleaded sufficient facts to establish a NYLL overtime violation.

In his third claim for relief, Plaintiff alleges that as a result of being misclassified as a 1099 employee, he had to personally cover $3,232.15 in payroll taxes that should have been paid by Defendants and did not receive all of the benefits that he would otherwise have been entitled to receive had he been properly classified as a W-2 employee. Dkt. No. 1 ¶ 62. Defendants argue that Plaintiff has failed to plead a claim for failure to pay minimum wages under the NYLL. Dkt. No. 10 at 5–6. Plaintiff replies, Dkt. No. 11, that NYLL Section 193 makes it unlawful for an employer to "'make any deduction from wages of an employee, except' those

authorized by law or any rule or regulation issued by any governmental agency, or those expressly authorized in writing by the employee for his own benefit," *Humphrey v. RAV Investigative & Sec. Servs. Ltd.,* 2016 WL 7190073, at *9 (S.D.N.Y. Nov. 29, 2016) (quoting NYLL § 193(1)).  But Plaintiff does not allege that Defendants deducted sums from his wages that Defendants then failed to pay to the federal or state tax authorities.  *Cf. Humphrey*, 2016 WL 7190073, at *11.  The NYLL imposes civil and criminal penalties on employers who misclassify their employees, but only in specific industries—namely, construction contractors and commercial goods transportation contractors.  N.Y. Lab. Law §§ 861-e, 862-d.  That limited scheme reflects the legislature's finding that employee misclassification is a prominent issue in "New York state's construction industry."  N.Y. Lab. Law § 861-a.  Accordingly, Plaintiff's third claim fails to state a claim for relief.[7]

Plaintiff's fourth claim for relief alleges a hiring notice violation and his fifth claim for relief alleges a wage notice or paystub violation.  Dkt. No. 1 ¶¶ 65–72.  Defendants contend that Plaintiff has failed to plead facts establishing a hiring notice violation or a wage statement violation under the NYLL.  Dkt. No. 10 at 7–8.  Under the NYLL, employers are required to provide a written notice containing an employee's wage rate and other related information "at the time of hiring" the employee.  N.Y. Lab. L. § 195(1)(a).  Employers must also provide statements upon every payment of wages listing the hours worked and other related information.  *See* N.Y. Lab. L. § 195(3).  The complaint alleges that Plaintiff did not receive the requisite hiring notice.  Dkt. No. 1 ¶ 66.  It also alleges that Plaintiff did not receive paystubs that accurately reflected his rate of pay, hours worked, and amounts deducted each week that he worked.  *Id.* ¶ 71.  The fourth and fifth claims therefore state claims for relief.

---

[7] Plaintiff does not allege that Defendants violated Internal Revenue Code § 7434(a).

Plaintiff's sixth claim for relief alleges a pay equity violation of Section 194 of the NYLL. *Id.* ¶¶ 73–79.  Defendants argue that Plaintiff's pay equity claim under the NYLL should be dismissed because it is based on facts alleged on information and belief without stating the facts upon which the belief is founded.  Dkt. No. 10 at 9.

To establish an equal pay violation under Section 194 of the NYLL, a plaintiff must show that "(1) the employer pays different wages to employees [outside the protected class]; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar working conditions." *Talwar v. Staten Island Univ. Hosp.*, 610 F. App'x 28, 30 (2d Cir. 2015) (summary order).  A plaintiff "need not demonstrate that [his] job is identical to a higher paid position, but only must show that the two positions are substantially equal in skill, effort, and responsibility." *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001) (internal quotation marks omitted); *see Floyd v. N.Y. Pub. Radio*, 2024 WL 1407058, at *6 (S.D.N.Y. Apr. 2, 2024).

Plaintiff alleges in conclusory form that "[o]ther customer service employees who performed substantially similar or lower-level work were classified as W-2 employees with benefits, unlike Plaintiff, and upon information and belief received a higher hourly wage rate than Plaintiff."  Dkt. No. 1 ¶ 76.  The complaint does not allege that Plaintiff was a member of a protected class or that persons outside his protected class who performed equal work received higher pay.  He thus does not state an equal pay claim under Section 194 and his sixth claim for relief must be dismissed.

Finally, Defendants argue that Plaintiff's NYLL whistleblower retaliation claim is conclusory and should be dismissed.  Dkt. No. 10 at 10.  Section 740 of the NYLL prohibits an employer from "tak[ing] any retaliatory action against an employee . . . because such

17

employee . . . discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation," or because the employee "objects to, or refuses to participate in any such activity, policy or practice." N.Y. Lab. L. § 740(2)(a), (c). That section "requires, therefore, that [a plaintiff] show (1) retaliatory action, (2) activity protected by the statute, and (3) a causal link between the two." *Pierce v. Better Holdco, Inc.*, 2023 WL 6386920, at *4 (S.D.N.Y. Sept. 29, 2023); *see Goldberg v. Bespoke Real Est. LLC*, 2024 WL 1256006, at *9 (S.D.N.Y. Mar. 25, 2024).

Plaintiff alleges that, in the course of his work in or around April 2023, he became concerned that WANDRD was violating numerous regulatory and legal requirements—in particular, requirements related to sales and consumption tax filings. Dkt. No. 1 ¶ 38. He alleges that he raised these concerns with Defendants on numerous occasions. *Id.* He further alleges that in the weeks after he voiced these concerns, he began to be "uninvited" to company meetings, was told that he was not a cultural fit for the company, was told that the company wanted to make him a 1099 employee again, and ultimately was terminated by WANDRD. *Id.* ¶¶ 39–42. Plaintiff has thus stated a claim for whistleblower retaliation under Section 740.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. The Court denies Defendants' motion to dismiss the first, second, fourth, fifth, seventh, and eighth claims for relief against WANDRD. The Court grants without prejudice Defendants' motion to dismiss all claims against Defendant Cope and the third and sixth claims for relief. Plaintiff must file any amended complaint that seeks to address the dismissed claims within 30 days of the date of this Opinion and Order.

The Clerk of Court is respectfully directed to close Dkt. No. 9.


SO ORDERED.


Dated: June 20, 2024
       New York, New York

                                                LEWIS J. LIMAN
                                   United States District Judge