```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
KYLE COLLISON,                                                   :
                                                                 :
                              Plaintiff,                         :
                                                                 :         24-cv-2221 (LJL)
              -v-                                                :
                                                                 :        MEMORANDUM AND
WANDRD, LLC and AUSTIN COPE,                                     :             ORDER
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/01/2024

LEWIS J. LIMAN, United States District Judge:

Defendants WANDRD, LLC ("WANDRD") and Austin Cope ("Cope," and with WANDRD, "Defendants") move, pursuant to Federal Rule of Civil Procedure 11(b)(3), for the imposition of sanctions against Plaintiff Kyle Collison and his counsel on the grounds that the complaint filed against Defendants contains factual contentions that lack evidentiary support and claims that are groundless. Dkt. No. 17. For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff is a former employee of defendant WANDRD. Dkt. No. 1 ¶ 4. He brought this action on March 25, 2024, claiming that WANDRD violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law, and the federal Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") and its state counterpart, "New York Mini-COBRA," New York State Labor Law § 195(6) and New York State Insurance Law § 3221(m). *Id.* at ¶ 1.

Federal COBRA requires "[t]he plan sponsor of each group health plan [to] provide . . . each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event [the right], under the plan, to elect, within the election period, continuation [of] coverage

under the plan." 29 U.S.C. § 1161(a).  Upon a qualifying event, such as the termination or reduction of hours of the "covered employee's employment," 29 U.S.C. § 1163(2), the qualified beneficiary is entitled to notice of the event and the "beneficiary's rights under this subsection," 29 U.S.C. § 1166(a)(4)(A); *see Loc. 217, Hotel & Rest. Emps. Union v. MHM, Inc.*, 976 F.2d 805, 809 (2d Cir. 1992); *Gallardo v. IEH Corp.*, 2022 WL 4646514, at *7 (E.D.N.Y. Oct. 1, 2022).  The requirement under Section 1161(a), however, that a plan sponsor provide continuation of coverage is subject to an exception under Section 1161(b) "if all employers maintaining such plan normally employed fewer than [twenty] employees on a typical business day during the preceding year." 29 U.S.C. § 1161(b).

Plaintiff worked for Defendants from approximately May 2021 to August 2023.  Dkt. No. 1 ¶ 4.  But, according to the complaint, he "never received information about continuation of his health insurance after termination of his employment."  *Id.* ¶ 46.  Rather, Plaintiff was sent an email on August 24, 2023 that stated that "Plaintiff's company provided health insurance would end August 31st and writing '[f]rom my experience, health insurance through healthcare.gov is a good option and a lower cost.  I have also used Christian healthcare ministries (https://yourchm.org) and Liberty healthshare (https://libertyhealthshare.org).'" *Id.* ¶ 45.  The complaint also alleges "[u]pon information and belief, WANDRD had 20 or more employees during all relevant times." *Id.* ¶ 11.  On the basis of those factual allegations, Plaintiff claims that WANDRD failed to provide him the notice required by COBRA and New York Mini-Cobra following the termination of his employment.  *Id.* ¶¶ 96, 98.

Defendants assert that Plaintiff's allegations that he did not receive notice of the continuation of his benefits and that WANDRD had 20 or more employees are false.  Defendants' motion is based on a chat message sent by a representative of WANDRD to Plaintiff

on August 31, 2023, and upon three payroll ledgers sent to Plaintiff's counsel on April 24, 2024, *i.e.*, after the filing of the complaint. Dkt. No. 24-1. The chat message states in its entirety:

> I heard from our health insurance rep and he said you can stay on our current health insurance plan at $402.39/month. The dental plan is $33.60/month. Let me know if you're interested in that and I can get details on how to set it up. I won't remove you from health and dental insurance yet so you can take the next few days to think about what you'd like to do.

Dkt. No. 20-3.

With respect to number of employees, the payroll ledgers purport to show that WANDRD had fewer than 20 employees on each of May 12, 2021, May 25, 2022, and September 13, 2023. Dkt. No. 20-1.

## DISCUSSION

Federal Rule of Civil Procedure 11(b)(3) provides in pertinent part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. Proc. 11(b)(3).

The 1993 Advisory Committee Notes explain that Rule 11(b) "expands the responsibilities of litigants to the court," including by "emphasiz[ing] the duty of candor." Fed. R. Civ. P. 11 Advisory Committee's Notes to 1993 Amendment. The Supreme Court has stated that "the central purpose of Rule 11 is to deter baseless filings in district court" and thus "streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 targets situations "where it is patently clear that a claim has absolutely no chance of success." *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991) (internal quotation marks omitted). Rule 11 sanctions should be granted with caution,

only when "a particular allegation is utterly lacking in support." *In re Highgate Equities, Ltd.*, 279 F.3d 148, 154 (2d Cir. 2002) (quoting *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996)); *Kiobel v. Milson*, 592 F.3d 78, 81 (2d Cir. 2010); *see also StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 307 (2d Cir. 2014) ("With respect to factual contentions, sanctions may not be imposed unless a particular allegation is utterly lacking in support." (internal quotation marks omitted)); *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003) (Sotomayor, J.) ("When reviewing Rule 11 sanctions . . . we . . . need to ensure that any [sanctions] decision is made with restraint." (internal quotation marks omitted)). All doubts must be resolved "in favor of the signer." *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986).

Of importance here, as a general matter, "Rule 11 does not impose a continuing obligation on the presenter to update, correct or withdraw any pleading, written motion or other paper which, when presented, satisfies the requirements of the Rule." *Fuerst v. Fuerst*, 832 F. Supp. 2d 210, 219 (E.D.N.Y. 2011) (quoting *Carlton Grp., Ltd. v. Tobin*, 2003 WL 21782650, at *6 (S.D.N.Y. July 31, 2003)). "Rule 11 does not require a party to withdraw or amend a complaint when post-filing events reveal allegations in the complaint to be unfounded." *Democracy Partners v. Project Veritas Action Fund*, 2018 WL 7958911, at *3 (D.D.C. Aug. 13, 2018); *see also Cabrera v. Mogoo, Inc.*, 2023 WL 6896060, at *4 (D.D.C. July 19, 2023), *reconsideration denied*, 2024 WL 1212292 (D.D.C. Mar. 21, 2024); Fed. R. Civ. P. 11 Advisory Committee's Notes to 1993 Amendment ("Subdivision (b) does not require a formal amendment to pleadings for which evidentiary support is not obtained."). Rather, Rule 11 provides that where after-acquired evidence demonstrates that a factual contention has no evidentiary support and is not likely to have evidentiary support after a reasonable investigation, a party may not "later advocat[e]" that contention. *See Democracy Partners*, 2018 WL 7958911, at *3; *see also*

*(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*, 2022 WL 4234552, at *3 (S.D.N.Y. Sept. 14, 2022) (imposing Rule 11 sanctions for amended complaint that repeated allegation that lacked evidentiary support).  As the Committee Notes to the 1993 Amendment state, "a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit."  Fed. R. Civ. P. 11 Advisory Committee's Notes to 1993 Amendment; *see also* 2 Moore's Federal Practice § 11.11[6] (2024).

    Defendants have not established a basis for Rule 11 sanctions.  Defendants direct their motion to two allegations in the complaint.  The allegations "[u]pon information and belief, [that] WANDRD had 20 or more employees during all relevant times," Dkt. No. 1 ¶ 11, and that Plaintiff "never received information about continuation of his health insurance after termination of his employment," *id.* ¶ 46.  The former goes to an affirmative defense—the availability to Defendant of the "small employer" exemption.  The standard for imposing sanctions with respect to an affirmative defense is "arguably even higher" than that with respect to allegations that go to an element of the claim.  *See Galin v. Hamada*, 283 F. Supp. 3d 189, 201 (S.D.N.Y. 2017); *cf. In re Berger Indus., Inc.*, 298 B.R. 37, 41–42 (E.D.N.Y. 2003).  Additionally, the allegation was made "upon information and belief." Dkt. No. 1 ¶ 11.  Because the allegation was so identified, counsel made only the certification that the claim was "likely to have evidentiary support."  Fed. R. Civ. P. 11(b)(3); 2 Moore's Federal Practice § 11.11[9][a] (2024); *Salameno v. Rawlings*, 2022 WL 16962822, at *4 (S.D.N.Y. Nov. 16, 2022); *Lan v. Time Warner, Inc.*, 2016 WL 6778180, at *8 (S.D.N.Y. Oct. 18, 2016).  The "relevant times" to which the allegation refers is reasonably understood to encompass a period of time longer than the three pay periods to which

Defendants refer.  The statute refers to the number of persons that the employer "normally employed."  29 U.S.C. § 1161(b).  And the Department of Labor standards provide that an employer is subject to federal COBRA if it "employed at least 20 employees on more than 50 percent of its typical business days in the previous calendar year."  *See* Dept. of Labor, FAQs on COBRA Continuation Health Coverage for Workers, at 2, https://www.dol.gov/sites/dolgov/files/EBSA/about-ebsa/our-activities/resource-center/faqs/cobra-continuation-health-coverage-consumer.pdf (last visited July 1, 2024).

Defendants have identified no reason to believe that Plaintiff lacked any foundation or justification for the belief that WANDRD had 20 or more employees during the relevant time at the time that the complaint was filed.  The three payroll ledgers to which Defendants refer—and which Defendants sent to Plaintiff *after* the complaint was filed—do not establish that the complaint's allegation is the kind of "direct falsehood" typically necessary before a court finds that sanctions are warranted pursuant to Federal Rule of Civil Procedure 11(b)(3).  *Zeta Glob. Corp. v. Maropost Mktg. Cloud, Inc.*, 610 F. Supp. 3d 535, 544 (S.D.N.Y. 2022) (quoting *Bongiorno v. Baquet*, 2021 WL 4311169, at *23 (S.D.N.Y. Sept. 20, 2021) (internal quotation marks omitted)).  It is open to Plaintiff to show that the three payroll records are idiosyncratic and that the number of persons WANDRD employed on May 12, 2021, May 25, 2022, and September 13, 2023, is not reflective of the number of persons it "normally employed" during the relevant time period.  Moreover, Plaintiff has not to date affirmatively advocated that Defendants had more than 20 employees during the periods covered by the payroll records, and it may never need to do so.  The most that Plaintiff advocated in its opposition to the motion to dismiss was that "information and belief" pleadings with respect to the number of persons employed by defendants are permissible under the Federal Rules of Civil Procedure.  Dkt. No. 11

6

at 7-8. Thus, Rule 11 sanctions are not appropriate for the allegation regarding the number of persons employed by WANDRD.

Plaintiff also did not violate Rule 11 by alleging that he never received information about continuation of his health insurance after termination of his employment. Dkt. No. 1 ¶ 46. Read in context, that allegation refers to information that is consistent with the requirements of COBRA. And the COBRA Notice must be "in accordance with the regulations prescribed by the Secretary [of Labor]," 29 U.S.C. § 1166(a), which are set forth at 29 C.F.R. § 2590.606-4 and include 14 separate items. Defendants' assertion that Plaintiff was sent a text informing him that he could stay on WANDRD's health insurance plan does not demonstrate that the complaint's allegation is false.

In reply, Defendants rely on the district court opinion in *Galin* for the proposition that, in the Southern District of New York, Rule 11 sanctions are appropriate when an attorney declines to withdraw a claim upon an express request by his adversary after learning the claim was groundless. Dkt. No. 25 at 2 (citing *Galin*, 283 F. Supp. 3d at 203). Defendants misread *Galin*. In that case, the court held that there was no basis to impose sanctions based on the plaintiff's "initial filing of the Complaint" but held that "Rule 11 sanctions [were] warranted . . . based on [plaintiff's] failure to drop his lawsuit upon the conclusion of discovery." 283 F. Supp. 3d at 202. In particular, counsel in *Galin* continued "to represent to the Court, both orally and [in writing] that a legal and factual basis existed to support his Complaint," even after discovery has failed to yield any admissible evidence supporting a key part of his case and "myriad evidence" contradicted that part of the case. *Id.* at 202–03; *see also Sharbat v. Iovance Biotherapeutics, Inc.*, 2023 WL 34377, at *13 (S.D.N.Y. Jan. 4, 2023) (holding that courts may impose sanctions once discovery is closed if plaintiff knows by that point or earlier that allegations central to the

7

case are utterly lacking in support but continues to advocate them). The cases do not support the proposition that sanctions should be imposed upon the initial filing of the complaint and before Plaintiff has had the opportunity to test an allegation that is properly pleaded on information and belief and that is not utterly lacking in support. *See Brock v. Logsdon*, 2023 WL 203356, at *3 (W.D.N.Y. Jan. 17, 2023) (declining to impose sanctions even after close of discovery where counsel's conduct was not objectively unreasonable).

## CONCLUSION

For the foregoing reasons, Defendants' motion for sanctions under Federal Rule of Civil Procedure 11 is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 17.

SO ORDERED.

Dated: July 1, 2024
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge